Ru'eeiN, Chief-Justice.
 

 This'is a warrant for a penalty for not penning a cow in the night time, contrary to.an ordinance of the .Commissioners which is set out at large in the case.
 

 The act of incorporation enables the Commissioners .to make all such ordinances, rules and regulations for the good government of the town, not inconsistent with the laws of the State, as to them shall seem fit; and to .enforce the observance of them by penalties not exceeding ten dollars ; and also in particular to prevent and remove nuisancies. The by-law requires the owners of cattle to pen them every night, and for each omission, gives a penalty for the use .of the town, of fifty cents.
 

 The defendant is not an inhabitaitant of the town, nor member of the corporation,* but his cow was found lying in the streets, once after night; for which this penalty is claimed, in the Superior Court, it was held, first, that the defendant was not within the meaning o.f the ordinance; and secondly, that if he was,, the Commissioners had not the power to make a by-law binding .on him.
 

 “ If the opinion on either point he correct, there is no cause of action, and the judgment must :be affirmed.
 

 
 *593
 
 One who is not * corporator, but who comea intoa corporation, and violates any of its ordinances, is subject to the penalties imposed therefor.
 

 Tiie latter is the more general question, and is interesting from its bearing upon the regulations of a wholesome police in towns and villages, and upon the powers of their corporate authorities over the citizen and his property. It is probable that such ordinances are not uncommon; and therefore it is to be regretted, that tho ■question of their validity, or the extent of their validity should not have been discussed upon this occasion, that the court might have been called on or felt authorised to decide and settle it. The case has stood over for several terms for that purpose, as there was no appearance on either side, and we supposed that to be the point of most concern to both parties. It has at last, however, ■been submitted without argument, which, upon a principle prescribid to all Judges by a proper self-respect and a due regard to the saving of the rights of third persons, induces us to confine our opinion as being definitive, to such points as are absolutely necessary to the •adjudication in this particular suit.
 

 The practice forbidden in the ordinance is of public inconvenience, and the suppression of it a fit and proper 'subject of town regulation. The penalty is within the sura limited in the charter; and for that reason, must ‘probably be admitted by the court to be reasonable.— if it were competent for us to hold otherwise, we should deem this, which inflicts a penalty of only fifty cents,to be, as respects this point, valid. Nor do we doubt that all the corporators are bound by the ordinance as operating either upon the thing creating the nuisance or inconvenience, or upon them personally ; because it concerns the interest of their whole community and also derives an obligation from the consent,expressed or implied, of every member.
 

 There seems as little reason to question, that one not a corporator, but who comes within the limits of a town, and there violates a police regulation sanctioned by a penalty, becomes as liable to pay it, as if he were a member. For a local jurisdiction is vested in the corporate authorities, which embraces all persons and tilings within its local bounds; and he who comes with-
 
 *594
 
 ia the limits is no longer a stranger, but, for the time being,is subject to the jurisdiction as an inhabitant. So too, it may be yielded of things, as well as persons.— The cattle, of a stranger straying into the town and there becoming nuisances, or found damage feasant, may be removed,by way of abating the nuisance; and probably, may be distrained and impounded until the owner shall pay the expenses and such pecuniary mulct as may have been before imposed.
 

 Whether the commissioners of a town have power to forbid cattle to range in its streets, and to impose a penalty upon the owner, or distrain the cattle? Qu.
 

 But the question in this case is, whether there is a power, under the laws, in the Commissioners, not only to deal with the beasts in the manner supposed, but, in the first instance, to impose a penalty upon the owner for the use of the town, to be answered by him in his person or other property, he being a stranger, and having done no act within the limits of the town? Upon it the court gives no opinion; though we do not wish to conceal that we refrain the rather, as the case stands before us, from a sense of the impropriety of expressing conclusively, than from the difficulty of making up one.— The point is, however, thus distinctly stated and left undetermined, in order that, upon its arising in future, it may, as one involving the supposed and practised powers of local corporations and the rights of the citizen, bo fully considered and discussed.
 

 Admitting the power to ordain such penalties in general, it is sufficient for the defendant in the case before us, if the ordinance itself does not extend to him. Such, we think, is its true construction. If an act of the corporation can bind persons beyond its limits for acts of omissions within them,yet, as those limits are the bounds of the jurisdiction, ordinances in general terms, arc to be regarded as naturally referring to persons and tilings which are both within the place, and to those only.— When an offence is made to consist of the omission to do an act in the town, he only is within the purview of the law, upon whom, by that or some other law, the act is imposed as a duty to be performed within the town. General terms used in reference to such a duty and penalty are restrained by the subject matter, and cannot
 
 *595
 
 be extended to persons, who have no rights to be exercised and no duties to be performed within the place, since that would be to render them liable, not for the omission within the town' (which is the specific of-fence,) but for the consequential evil resulting from the omission of a similar act at another place, at which
 
 it
 
 was not a duty. There ought to be express or plaiii words,to include such.persons, which are not found here.
 

 The ordinance recites that the practice of letting cattle lie in the streets after night lutd become a dangerous nuisance; and then provides, 1st. that the owner of cattle shall pen them every night, by or before dark,under the penalty of fifty cents for each omission ; and 2dly: that
 
 “
 
 all cattle found in the streets between dark and day-break, shall be taken tip and penned by the town constable, and turned out the next morning.”
 

 . There are two objects in the ordinance, which are altogether distinct. The one is, to abate the alleged nuisance; which is to be effected by taking any cattle found there, out of the street, and confining them for the.night. This operates upon the thing then within the town, and is expressly extended to all cattle there being, no matter to whom, or where belonging. The other is to prevent the danger of future nuisances, aiid avoid the trouble and necessity of abating them, by giving penalties for those acts deemed most likely to produce them, whether they should in fact produce them or not. The penalty is against the owner of a beast for not penning it. The question is what owner is meant ? Clearly, an inhabitant, owning cattle. ' The penalty is not given for any cattle found in the streets, but for any not penned. It is not given for the nuisance, but for an act tending to produce it, and is a reasonable precaution against an inconvenience incident to beasts owned in the town. Such an owner incurs it, although his unpenned cattle may nót stay in the streets, biit stray into the country or upon the lots of Other persons. Tliey probably will lie in the streets, and may properly be required to be confined by the owner as a matter of police. But strangers are, by the general law,
 
 *596
 
 under no obligation but to avoid't!ie riiaking a- nuisance or doing an injury, and then only to answer for thc,ac-tual damage. The town has no interest that a person, not within it, should pen his cattle, nor power to com- * . pel him. ÁU that can be required of him is, to keep them out of town. That is fully provided for in the byelaw, in a different manner, namely, by impounding. Whether a penalty could be given in such case for the cattle coming into town, is the general question left undecided. But here it is confined by the woi'.ds of the ordinance to the omission by the owner to pen his cattle; which shews,that the person meant is such owner, being an inhabitant of the town or within its jurisdiction.
 

 Per CuRiam — Judgment aeeirméd.